02-11-526-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00526-CR 

 

 


 
 
 Ex parte Terrance Wayne Davis
 
 
  
 
 
  
 
 
 
 
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

 

FROM THE 213th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Terrance Wayne Davis attempts to appeal from the Texas Court of Criminal
Appeals’s May 11, 2011 denial of his “motion for leave to file the original
application for writ of mandamus.”  On December 12, 2011, we notified Davis of
our concern that we lack jurisdiction over this appeal because this court has
no jurisdiction to review decisions of the court of criminal appeals,[2]
and we informed him that this appeal was subject to dismissal for want of
jurisdiction unless he or any party desiring to continue the appeal filed a
response with this court by December 22, 2011, showing grounds for continuing
the appeal.  See Tex. R. App. P. 44.3.  No response was received. 
Accordingly, we dismiss this appeal for want of jurisdiction.  See Tex.
R. App. P. 43.2(f); Ex parte Rogers, Nos. 02-11-00333-CR,
02-11-00334-CR, 02-11-00335-CR, 2011 WL 4414708, at *1 (Tex. App.—Fort Worth
Sept. 22, 2011, no pet.) (mem. op., not designated for publication) (dismissing
appeal for want of jurisdiction because appellant attempted to appeal from the
court of criminal appeals’s denial of his application for writ of habeas
corpus).

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 2, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3(a) (West Supp. 2011) (stating that “[a]fter final
conviction in any felony case, the writ must be made returnable to the Court of
Criminal Appeals of Texas at Austin, Texas”); accord Tex. Const. art. V,
§ 5 (providing that court of criminal appeals has final appellate jurisdiction
on all questions of law in criminal matters).